UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY PARKER, individually and on behalf of other members similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FEDEX NATIONAL, INC. et al.,<br><br>Defendants.<br>_____/ | CASE NO.   1:10-cv-1357-LJO-MJS<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING THAT DEFENDANTS' MOTION TO CHANGE VENUE BE GRANTED<br><br>(ECF Nos. 10, 12 & 21)<br><br>OBJECTIONS (IF ANY) DUE WITHIN THIRTY DAYS |

In this wage and hour dispute, Plaintiff Gregory Parker seeks to recover unpaid wages from Defendants FedEx National Inc., FedEx Corporation, and Watkins Motor Lines (collectively "Defendants"). Plaintiff has filed the case as a class action, but no class has been certified.

Before the Court is Defendants' Motion to Transfer Venue pursuant to 18 U.S.C. § 1404. The Motion was referred to the undersigned for Findings and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

For the reasons that follow, the Court recommends that the Motion to Transfer be GRANTED.

## I. FACTUAL BACKGROUND

### A. Parker's Claims in the Instant Action

On June 7, 2010, Plaintiff Gregory Parker filed the instant action in Kern County Superior Court on behalf of himself and others similarly situated alleging that Defendants committed various wage and hour law violations. On July 30, 2010, Defendants removed the case to this Court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

Plaintiff purports to represent a class of line-haul truck drivers who operated within California, drove for Defendants, and were paid, at least in part, based upon the number of miles driven. Plaintiff proposes a second class to be made up of any employee of Defendants who received a wage statement in the year prior to the filing of this action. Plaintiff alleges that line-haul truck drivers were not compensated for time spent performing required tasks other than driving, including connecting and disconnecting trailers, waiting for trucks to be repaired, and waiting for trailers to be loaded. Plaintiff also alleges that line-haul drivers' schedules did not permit sufficient meal and/or break periods.

Plaintiff brings ten causes of action alleging various wage and hour law violations: (1) unpaid overtime, (2) unpaid meal break premiums, (3) unpaid rest period premiums, (4) unpaid minimum wages, (5) non-compliant wage statements, (6) wages not timely paid on termination, (7) wages not timely paid during employment, (8) breach of implied-in-fact contract, (9) promissory estoppel, and (10) violation of business and professions code §§ 17200 *et seq*. On behalf of the two proposed classes, Plaintiff seeks monetary relief, injunctive relief, and attorney's fees.

Defendants filed the instant motion on September 20, 2010 before discovery had

commenced in this action.

 **B.     Cases Pending in Central District**

Currently pending before Judge Dale S. Fischer in the Central District of California are two actions that Defendants allege are related to the instant case. In <u>Robertson v. FedEx National, et al.</u>, Case No. CV 09-05016 DSF (FFMx) ("Robertson"), the plaintiff brings wage and hour claims against the same defendants named here. Robertson, also a truck driver, alleges that the defendants failed to compensate drivers for time spent waiting on loads to be ready, for time worked in excess of twelve hours in a day, and for inadequate meal and rest periods. When counsel failed to file a timely class certification motion, the Court struck Robertson's class claims. The case proceeds on Robertson's individual claims, and it is set for trial on April 5, 2011. Robertson is represented by the same counsel as Plaintiff Parker in this case.

In <u>Joseph Gaudio v. FedEx Corp. et al.</u>, Case No. EDCV 10-00778 DSF (FFMx), the plaintiff, also a truck driver, alleges that defendants FedEx National LTL, Inc. and FedEx Corporation[1] failed to pay drivers for time spent preparing for their duties, failed to provide adequate meal and rest periods, and failed to pay overtime wages for hours worked in excess of eight in a day and/or forty in a week. The <u>Gaudio</u> case was transferred to Judge Fischer as a related case to <u>Robertson</u>. The Court refused to extend the deadline for filing a class certification motion and <u>Gaudio</u> is currently proceeding only on the plaintiff's individual claims. It is set for trial on August 16, 2011.

////

---

[1] The Court notes that Watkins Motor Lines is not a defendant in the <u>Gaudio</u> action. However, Watkins was sold to FedEx in September 2006.

## II. LEGAL STANDARD

Federal law provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This statute partially displaces the common law doctrine of forum non conveniens. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir.1986); Miskow v. Boeing Co., 664 F.2d 205, 207 (9th Cir.1981). The purpose of § 1404(a) is "to prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." Van Dusen v. Barrack, 376 U.S. 612, 616 (1964); Kawamoto v. C.B. Richard Ellis, Inc., 225 F. Supp. 2d 1209, 1213 (D. Haw. 2002). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case by case consideration of convenience and fairness.'" Stewart Organization, Inc. v. RICOH Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen, 376 U.S. at 622).

In order to transfer a case under § 1404(a), the "defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." See Decker, 805 F.2d at 843. The district court must weigh numerous factors when deciding whether to transfer a case under § 1404(a). "Private factors include the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining the attendance of willing, witnesses; possibility of a view of the premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" Id. (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947). The public factors that the Court is to consider include: (1) docket

congestion of the two courts; (2) promotion of judicial efficiency and economy; and (3) feasability of consolidation of other claims. See Sparling v. Hoffman Construction, 864 F.2d 635, 639 (9th Cir. 1988); Decker, 805 F.2d at 843 (9th Cir. 1986).

### III. ANALYSIS

Defendants seek transfer of the instant action to the Central District of California. There is no dispute that the case could have been filed in the Central District and that venue would have been proper there. See 28 U.S.C. § 1391 (venue is proper in any district where a defendant resides). Thus, the only issue is whether Defendants have met their burden of showing that transfer is more convenient for the parties and witnesses and in the interests of justice.

#### A. Private Factors

##### 1. Plaintiff's choice of forum

Plaintiff's main argument in opposition to the Motion to Transfer is that the Court is required to defer to his choice of venue. Defendants contend that the Court should not defer to Plaintiff's choice of forum because he purports to represent a class of plaintiffs, and he engaged in forum shopping by filing this action in the Eastern District.

Although great weight is generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987). However, even in a class action, the Court must consider the extent of the parties' contacts with the chosen forum, including those relating to the instant cause of action. Id.

While the putative class members are scattered through the state, the only named

plaintiff resides in the Eastern District. Because Plaintiff filed this action in his home district, there is no inference of forum shopping. See Stomp Inc. V. NeatO, 61 F.Supp.2d 1074, 1082 (C.D. Cal. 1999). However, the majority of the putative class members, including Plaintiff, worked out of terminals located outside of the Eastern District; Plaintiff's terminal was located in the Central District. As the claims in this action involve unpaid down time that drivers spent at terminals, most of the acts relevant to this case occurred outside of the Eastern District.

Considering these factors, the Court finds that it is appropriate to give some weight, but perhaps not great weight to Plaintiff's choice of forum in the Eastern District.

### 2. Location of evidence and witnesses

Plaintiff operated out of Defendants' service center in San Bernardino. He was required to report to the San Bernardino terminal before each "run". The dispatchers responsible for communicating with the line-haul drivers were located at the San Bernardino service center. Documents related to the line-haul driver's runs, including their logs, trip sheets, and other records reflecting their shipments are maintained at their assigned terminals. Thus, for Plaintiff, these records would be housed at the San Bernardino service center. San Bernardino is located in the Central District of California.

Defendants' main terminal relevant to this litigation is located in the Central District and the majority of its employees are there. Plaintiffs are truck drivers located throughout the state; there is no indication that they are concentrated in any one particular area. Moreover, the majority of the non-testimonial evidence relevant to this case (i.e., driver's logs, shipment records, and trip sheets) is located at Defendants' terminal in San Bernardino. Again, to the extent Plaintiffs are in possession of any relevant evidence, it

is scattered throughout the state.

Neither party suggests that compulsory process would be an issue in this case. There does not appear to be much need for non-party witnesses.

The Court finds that the balance of private considerations weigh in favor of transfer.

### 3. Conclusion

In sum, the private factors are neutral. The weight given to the Plaintiff's choice of forum in the Eastern District is balanced out by the fact that transfer to Central District would be more convenient for the parties and witnesses and the evidence more easily accessed there.

### B. Public Factors

#### 1. Docket Congestion

Both the Central and the Eastern District are over-burdened with significant caseloads. However, the weighted caseload per judge is higher in the Eastern District than anywhere else in the country. Therefore, this factor weighs somewhat in favor of transfer.

#### 2. Promotion of judicial efficiency and economy

Defendants strenuously argue that transferring this case would promote judicial efficiency and economy because of the similar actions already pending in the Central District. As a general rule, cases should be transferred to districts where related actions are pending. See Waller v. Burlington Northern Railroad Co., 650 F.Supp. 988, 991 (N.D. Ill. 1987). The Supreme Court has stated: "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." Continental Grain Co. v. Barge FBL-585, 364 U.S. 19, 26 (1960).

Plaintiff does not dispute that the actions pending in the Central District involve the same issues of fact and law. Plaintiff argues only that none of the cases currently pending in the Central District are likely to be certified as class actions. Even assuming that is true, the individual plaintiff cases involve the same issues of fact and law, albeit on a smaller scale, as those at issue in the instant class action.[2] Thus, the Court finds that the interest of judicial efficiency and economy weighs heavily in favor of transfer.

### 3. Feasability of consolidation with other claims

Defendants contend that the instant action is related to the actions pending in the Central District. The plaintiffs in both of the Central District cases were truck drivers, like the Plaintiff here, and FedEx is a defendant in both of these actions. Although Watkins is not a Defendant in Gaudio, related actions may involve different parties so long as there are common issues of fact and/or law. I-T-E Circuit Breaker Co. v. Regan, 384 F.2d 403 (8th Cir. 1965). Having reviewed the dockets of the cases pending in the Central District, the Court finds that this action could easily be classified as a related case. Thus, even if consolidation is not be proper, the instant action may be assigned to Judge Fischer, which would promote judicial efficiency and economy. Additionally, aspects of discovery could be consolidated and/or coordinated between the cases resulting in a savings of time, money, and court resources. The Court finds that this factor weighs in favor of transfer.

### 4. Conclusion

Given the congestion of this District's docket, coupled with the similar cases already

---

[2] For example, one key issue in all of the cases will likely be the applicability of the motor carrier's exception to state and federal wage and hour laws. The Court notes that there is currently a partial motion for summary judgment pending in the Robertson case that raises this very issue.

pending in the Central District, the Court finds that the public factors weigh heavily in favor of transfer.

## IV. CONCLUSION

The Court finds that transfer would conserve judicial resources, eliminate the possibility of inconsistent rulings, and promote overall efficiency in the courts. Transfer would not negatively impact the parties or witnesses and would be more convenient for accessing the relevant evidence in this case. The deference afforded to Plaintiff's choice of forum does not outweigh these considerations.

For the reasons stated above, the Court RECOMMENDS that Defendants' Motion to Transfer Venue be GRANTED and that this action be transferred to the Central District.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Y1st, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: December 6, 2010        /s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE